IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEPHEN SMITH,

     Plaintiff,                      No. CIV S-09-0379 EFB P

     vs.

KENNETH L. KRAMER, et al.,

     Defendants.               ORDER

_____/

     Plaintiff is a state prisoner proceeding *in forma pauperis* and without counsel in an action brought under 42 U.S.C. § 1983. *See* 28 U.S.C. § 1915(a). The case, initially referred by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1), is now before the undersigned pursuant to plaintiff's consent. *See* 28 U.S.C. § 636; *see also* E.D. Cal. Local Rules, Appx. A, at (k)(1)-(2).

     Section 1983 provides that:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation.

1

*See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978). Plaintiff may not sue any supervisor on a theory that the supervisor is liable for the acts of his or her subordinates. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981). A supervisor may be held liable in his or her individual capacity "'for his own culpable action or inaction in the training, supervision or control of his subordinates.'" *Watkins v. City of Oakland, Cal.*, 145 F.3d 1087, 1093 (9th Cir. 1998) (quoting *Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991)). To state a claim against any individual defendant, the plaintiff must allege facts showing that the individual defendant participated in or directed the alleged violation, or knew of the violation and failed to act to prevent it. *See Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998), *cert. denied*, 525 U.S. 1154 (1999) ("A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights."); *Taylor*, 880 F.2d at 1045.

The court has reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915A and finds it does not state a cognizable claim against any defendant. The complaint alleges that sometime near June 20, 2007, plaintiff, who was apparently on probation, was staying at his parents' house. During his stay, defendant Ken Kramer and five other men allegedly conducted a "probation search" of the house, hand-cuffed plaintiff and collected a urine sample from plaintiff. Plaintiff claims that the men also stole $300 from plaintiff's wallet and that defendant Kramer hurt plaintiff's back by slamming plaintiff onto the ground. It appears from plaintiff's complaint and the exhibits attached thereto, that plaintiff's probation was revoked and he was placed in the custody of the California Department of Corrections and Rehabilitation (CDCR), after admitting that he had failed to abstain from the use of marijuana and methamphetamine. However, it is not clear whether plaintiff is currently confined as a result of this 2007 probation violation.

////

////

Plaintiff also alleges that defendant Josh Blair falsified the written probation report that recommended that plaintiff be placed in CDCR custody and that defendant Guy Sandler provided ineffective assistance of counsel to plaintiff in related proceedings. Plaintiff seeks damages from each defendant.

To the extent plaintiff intends to state a due process claim based upon the $300 that was allegedly stolen, plaintiff fails to state a claim. An unauthorized taking of property does not violate the due process clause of the Fourteenth Amendment when, as here, state law provides an adequate post deprivation remedy. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (per curiam). Therefore, plaintiff's allegation about the loss of his property does not state a cognizable claim and the claim is dismissed without leave to amend.

To the extent plaintiff intends to state an excessive force claim based on his allegation of being slammed to the ground, a claim that a law enforcement officer used excessive force in the course of an arrest or other seizure is analyzed under the Fourth Amendment reasonableness standard. *See Graham v. Connor*, 490 U.S. 386, 394-95 (1989); *Forrester v. City of San Diego*, 25 F.3d 804, 806 (9th Cir. 1994), *cert. denied*, 513 U.S. 1152 (1995). "Determining whether the force used to effect a particular seizure is 'reasonable' under the Fourth Amendment requires a careful balancing of 'the nature and quality of the intrusion on the individual's Fourth Amendment interests' against the countervailing governmental interests at stake." *See Graham*, 490 U.S. at 396 (citation omitted). Plaintiff's scant allegations fail to suggest that the amount of force used was objectively unreasonable. Therefore, this claim is dismissed with leave to amend.

The viability of plaintiff's complaint is further complicated by the issue of whether his claims implicit call into question the validity of his conviction or sentence. As a general rule, a challenge in federal court to the fact of conviction or the length of confinement must be raised in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973). Here, plaintiff claims that defendants violated his constitutional rights by

1  conducting an unlawful search and seizure, drafting a falsified probation report, and providing
2  him with ineffective assistance of counsel.  Where, "success in a . . . [section] 1983 damages
3  action would implicitly question the validity of conviction or duration of sentence, the litigant
4  must first achieve favorable termination of his available state, or federal habeas, opportunities to
5  challenge the underlying conviction or sentence."  *Muhammad v. Close*, 540 U.S. 749, 751
6  (2004) (citing *Heck v. Humphrey*, 512 U.S. 477 (1994)).  As noted above, it is not clear whether
7  plaintiff is currently confined as a result of the 2007 probation violation.  If he is, then his
8  allegations implicate the validity of his current confinement, and his claims are barred until
9  plaintiff invalidates the results of those proceedings.  *See Wilkinson v. Dotson*, 544 U.S. 74,
10 81-82 (2005) (citing *Heck*, 512 U.S. 477).  However, if plaintiff is not currently confined as a
11 result of the 2007 probation violation, or, if the probation revocation proceedings have been
12 either reversed or declared invalid, than plaintiff may amend his complaint with respect to these
13 claims.  Otherwise, plaintiff's claims of unlawful search and seizure, falsification of the
14 probation violation report, and ineffective assistance of counsel, are barred by *Heck*.

15       Any amended complaint must show that the federal court has jurisdiction and that
16 plaintiff's action is brought in the right place, that plaintiff is entitled to relief if plaintiff's
17 allegations are true, and must contain a request for particular relief.  Plaintiff must identify as a
18 defendant only persons who personally participated in a substantial way in depriving plaintiff of
19 a federal constitutional right.  *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person
20 subjects another to the deprivation of a constitutional right if he does an act, participates in
21 another's act or omits to perform an act he is legally required to do that causes the alleged
22 deprivation).

23       In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed.
24 R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.
25 Fed. R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or
26 occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. *See Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)."); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8. Plaintiff must eliminate from plaintiff's pleading all preambles, introductions, argument, speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like. *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996) (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); *see Crawford-El v. Britton*, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of Civil Procedure is fully warranted" in prisoner cases). The court (and defendant) should be able to read and understand plaintiff's pleading within minutes. *McHenry*, 84 F.3d at 1177. A long, rambling pleading, including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury or joining a series of unrelated claims against many defendants very likely will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action pursuant to Fed. R. Civ. P. 41 for violation of these instructions.

A district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000). While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is

plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Id.* (citations and quotation marks omitted). Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth. *Id.* at 1950.

An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 15-220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading is superseded.

By signing an amended complaint he certifies he has made reasonable inquiry and has evidentiary support for his allegations and that for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11. Prison rules require plaintiff to obey all laws, including this one, and plaintiff may be punished by prison authorities for violation of the court's rules and orders. *See* Cal. Code Regs. tit. 15, § 3005.

A prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available to him. 42 U.S.C. § 1997e(a). The requirement is mandatory. *Booth v. Churner*, 532 U.S. 731, 741 (2001). By signing an amended complaint plaintiff certifies his claims are warranted by existing law, including the law that he exhaust administrative remedies, and that for violation of this rule plaintiff risks dismissal of his action.

Accordingly, the court hereby ORDERS that:

1. The complaint is dismissed with leave to amend, in accordance with this order, within 30 days.

2. Plaintiff shall file an original and one copy of the amended complaint, which must bear the docket number assigned to this case and be titled "First Amended Complaint."

     3. Failure to file an amended complaint may result in this action being dismissed for failure to state a claim. If plaintiff files an amended complaint stating a cognizable claim the court will proceed with service of process by the United States Marshal.

Dated: November 20, 2009.

                                EDMUND F. BRENNAN
                                UNITED STATES MAGISTRATE JUDGE