IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEPHEN SMITH,

        Plaintiff,                        No. CIV S-09-0379 EFB P

    vs.

KENNETH L. KRAMER, et al.,

        Defendants.               ORDER

_____/

        Stephen Smith, an inmate confined at California State Prison, Solano, filed this pro se civil rights action under 42 U.S.C. § 1983 and proceeds in forma pauperis. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent. *See* 28 U.S.C. § 636; *see also* E.D. Cal. Local Rules, Appx. A, at (k)(4).

        On November 20, 2009, the court dismissed plaintiff's original complaint with leave to amend. Dckt. No. 14. Plaintiff filed an amended complaint on December 15, 2009, followed by a second amended complaint on March 4, 2010. Dckt. Nos. 16, 20. For the reasons set forth below, the court finds that plaintiff's second amended complaint, which supercedes the first amended complaint, fails to state any claims for which relief can be granted under section 1983. Therefore, the court will dismiss plaintiff's claims.

Pursuant to 28 U.S.C. § 1915A, the court shall review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

In its November 20, 2009 order, the court explained that plaintiff had failed to state a claim against any defendant. Dckt. No. 14. First, the court explained that an unauthorized taking of property does not violate the due process clause of the Fourteenth Amendment when, as in this case, state law provides an adequate post deprivation remedy. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (per curiam). The court therefore dismissed, without leave to amend, plaintiff's claim that defendants stole $300 from him. Dckt. No. 14 at 3. Plaintiff re-alleges this claim in his second amended complaint. *See* Dckt. No. 20, § IV at 2-3, 5. Since plaintiff cannot impose liability against defendants on this basis, this claim is dismissed with prejudice.

The court also dismissed, with leave to amend, plaintiff's excessive force claim because plaintiff's scant allegations failed to suggest that the amount of force used was objectively unreasonable. Dckt. No. 14 at 3. Plaintiff fails to remedy this defect in his second amended complaint. *See* Dckt. No. 20, § IV at 4. Since plaintiff appears to be unable to allege a cognizable excessive force claim, this claim too, is dismissed with prejudice.

The court also addressed plaintiff's claims that defendants violated his constitutional rights by conducting an unlawful search and seizure, drafting a falsified probation report, and providing him with ineffective assistance of counsel. Dckt. No. 14 at 3. The court explained that if plaintiff is currently confined as a result of his 2007 probation violations, then his allegations implicate the validity of his current confinement and his claims are barred until plaintiff invalidates the results of those proceedings. *See id.* at 4 (citing *Wilkinson v. Dotson*,

2

544 U.S. 74, 81-82 (2005) (citing *Heck v. Humphrey*, 512 U.S. 477 (1994))).  Plaintiff's second amended complaint, and the attachments thereto, confirm that plaintiff was returned to custody as a result of the 2007 probation violation.  *See* Dckt. No. 20, § IV (on form complaint), 2.  Therefore, plaintiff's claims of unlawful search and seizure, falsification of the probation violation report, and ineffective assistance of counsel, which are repeated in the second amended complaint, are barred by *Heck*.[1]  *See* Dckt. No. 20, § IV at 1-5

Accordingly, it is hereby ORDERED that this action is dismissed for plaintiff's failure to state a claim.  *See* 28 U.S.C. § 1915A; *see also Lopez v. Smith*, 203 F.3d 1122, 1128 (9th Cir. 2000) (indigent prisoner proceeding without counsel must be given leave to file amended complaint unless the court can rule out any possibility that the plaintiff could state a claim).

Dated: May 3, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[1] These claims, however, are dismissed without prejudice to plaintiff filing a petition for writ of habeas corpus to challenge his custody, and without prejudice to him filing a new civil rights action if the results of his probation revocation proceedings are ever set aside.